UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

ASPEX EYEWEAR, INC. and CONTOUR OPTIK, INC.,

        Plaintiffs,

        v.

SVS VISION HOLDING, CO.,

        Defendant.

Case No. 1:07-cv-00803-GMS

JURY TRIAL DEMANDED

**DEFENDANT SVS VISION HOLDING CO.'S ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR TRIAL BY JURY**

SVS Vision Holding Company ("SVS") by and through its undersigned attorneys, for its Answer to Plaintiffs' Complaint, states as follows:

1.    SVS admits the allegations stated in Paragraph 1.

2.    SVS admits the allegations stated in Paragraph 2.

3.    SVS denies that venue is proper in this district insofar as none of the matters giving rise to this Complaint occurred in this district; SVS, however, admits that it is incorporated in this district and is subject to personal jurisdiction in this district. SVS denies the remaining allegations of Paragraph 3 of the Complaint.

4.    SVS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and leaves Plaintiffs to their proofs.

5.    SVS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and leaves Plaintiffs to their proofs.

6.    SVS admits the allegations stated in Paragraph 6.

7.    SVS admits that the United States Patent and Trademark Office issued United States Patent No. US RE37,545E (the "'545 Patent"); however, SVS is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and leaves Plaintiffs to their proofs.

8. SVS admits that the '545 Patent is a reissue of United States Patent No. 5,568,207 (the "'207 Patent); however, SVS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and leaves Plaintiffs to their proofs.

9. SVS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and leaves Plaintiffs to their proofs.

10. SVS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and leaves Plaintiffs to their proofs; however, SVS denies that it has engaged in any infringement or any conduct whatsoever that harms Plaintiffs.

11. SVS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and leaves Plaintiffs to their proofs.

12. SVS denies the allegations stated in Paragraph 12 for the reason that they are untrue.

13. SVS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and leaves Plaintiffs to their proofs; however, SVS admits that it has not been authorized to sell, or otherwise distribute devices made according to the '545 Patent.

14. SVS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and leaves Plaintiffs to their proofs.

15. SVS denies the allegations stated in Paragraph 12 for the reason that they are untrue.

16. SVS denies the allegations stated in paragraph 16 for the reason that SVS has never infringed on the '545 Patent.

17. SVS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and leaves Plaintiffs to their proofs.

## AFFIRMATIVE DEFENSES

SVS Vision Holding Company ("SVS") by and through its undersigned attorneys, for its Affirmative Defenses, states as follows:

## FIRST AFFIRMATIVE DEFENSE

In addition to the defenses described below, SVS specifically reserves the right to allege additional defenses as factual information in support of which becomes known through the course of discovery.

## SECOND AFFIRMATIVE DEFENSE

The '545 Patent is invalid, void, and/or unenforceable for failure to comply with one or more provisions of the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, including without limitation Sections 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

SVS is not infringing and has not infringed any claim of the '545 Patent because SVS has never sold, manufactured, bought or distributed any eyeglass frames or attachments whatsoever. By asserting this defense, however, SVS does not assume any burden of proof.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped, based on statements, representations, and admissions made during prosecution of the patent applications resulting in the '545 Patent and/or the '207 Patent, from

asserting any interpretation of the claims of the '545 Patent that would be broad enough to cover any activity or product of SVS.

### FIFTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiffs' claim for relief concerning the '545 Patent is limited by failure to comply with the marking and notice requirements of 35 U.S.C. § 287. By asserting this defense, however, SVS does not assume any burden of proof.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by collateral estoppel and/or *res judicata*.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are time-barred.

### EIGHTH AFFIRMATIVE DEFENSE

The alleged wrongful acts of SVS set forth in the Complaint were not willful, as a result of which Plaintiffs have no right to treble damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by 35 U.S.C. § 287 to the extent they include conduct occurring more than six years prior to the institution of this suit.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches, waiver, and/or equitable estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of patent misuse and/or unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to state a claim upon which relief may be granted.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrine of innocent infringement.

**WHEREFORE**, SVS requests that this Court grant judgment in its favor, and dismiss Plaintiffs' Complaint with prejudice and award SVS such other further relief as the Court deems just and proper.

          SAUL EWING LLP

By: /s/ Michael R. Robinson
Candice Toll Aaron (DE ID # 4465)
Michael R. Robinson (DE ID#4452)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Phone: (302) 421-6800
Fax: (302) 421-6813
caaron@saul.com
mrobinson@saul.com

*of counsel:*

CLARK HILL PLC
David D. Grande-Cassell (P49359)
Aaron O. Matthews (P64744)
212 East Grand River Avenue
Lansing, Michigan 48906
(517) 318-3100
*Attorneys For Defendant SVS Vision Holding Co.*

Dated: January 2, 2008

# CERTIFICATE OF SERVICE

I, Michael R. Robinson, Esquire, hereby certify that on January 2, 2008, a true and correct copy of the foregoing ***Defendant SVS Holding Co.'s Answer to Plaintiffs' Complaint and Demand for Trial by Jury*** was served upon the following individuals in the manner indicted:

**VIA HAND DELIVERY**

Arthur G. Connolly III (No. 2667)
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Phone: (302) 658-9194
Fax: (302) 658-5614
E-Mail: AConnollyIII@cblh.com

**VIA FACSIMILE and FIRST CLASS MAIL, POSTAGE PREPAID**

Stephen F. Roth, Esquire
Steven L. Procaccini, Esquire
LERNER, DAVID, LITTENBERG, KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090
Phone: (908) 654-5000
Fax: (908) 654-7866
E-Mail: sroth@ldlkm.com
sprocaccini@ldlkm.com
litigation@ldlkm.com

SAUL EWING LLP

/s/ Michael R. Robinson
Candice Toll Aaron (DE ID # 4465)
Michael R. Robinson (DE ID# 4452)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Phone: (302) 421-6800
Fax: (302) 421-6813
caaron@saul.com
mrobinson@saul.com
*Attorneys For Defendant SVS Vision Holding Co.*